UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IBERIABANK, a Louisiana state
bank,

      Plaintiff,

v.                                                          Case No: 2:14-cv-307-FtM-29CM

RADNO, INC., PETER J. RADNO,
PETER RADNO, JR., PNC BANK
NATIONAL ASSOCIATION and
REGIONS BANK,

      Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Default Against PNC Bank, National Association, as Successor by Merger to RBC Bank (USA), as Successor by Merger to Community Bank of Naples, N.A. ("PNC") (Doc. 20) filed on August 4, 2014. Plaintiff moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendant PNC for failure to respond to Plaintiff's Complaint. For the reasons that follow, the Motion is granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process. *Kelly*

*v. Florida*, 233 F. App'x 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 655.0201, Florida Statutes, outlines service of process on a financial institutions and states: "Process against any financial institution authorized by federal or state law to transact business in this state may be served in accordance with chapter 48, chapter 49, part I of chapter 607, or chapter 608, as appropriate." Fla. Stat. § 655.0201(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). Further, under Section 655.0201(2), Florida Statutes:

> Any financial institution authorized by federal or state law to transact business in [Florida] may designate a registered agent as the financial institution's agent for service of process, notice, or demand required or permitted by law to be served on the financial institution. If the financial institution has no registered agent, or its registered agent cannot with reasonable diligence be served, service may be made to any executive officer of the financial institution at its principal place of business in this state.

In this case, the Affidavit of Service (Doc. 20-1) states that on May 5, 2014, Plaintiff served Daryl Alvaranga as Authorized Agent for PNC at 5150 Tamiami Trail N., Naples, Florida, 34103. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *See Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir. 1995) (letter from Florida Secretary of State acknowledging acceptance of summons and complaint *prima facie* evidence of substituted service on the defendant); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process was therefore properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 655.0201.

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. PNC has failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default Against PNC Bank, National Association, as Successor by Merger to RBC Bank (USA), as Successor by Merger to Community Bank of Naples, N.A. (Doc. 20) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant PNC Bank, National Association.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record